FLEMING STANHOPE PHILIPS, Respondent, *v.* THE GER-
MANIA BANK, Appellant.

*Court of Appeals, October* 18, 1887.

Dismissing appeal in same case, 20 Abb. N. C. 38; 10 N. Y. St. Rep. 40.

*Constitutional Law. When judge disqualified.*—A general term may
review on appeal an order vacating an *ex parte* order for the ex-
amination of a person before trial upon the original and additional
affidavits, even though the justice who granted the *ex parte* order
is a member of such general term and acted on such review.

Appeal from an order of the general term of the supreme
court, reversing an order vacating an order for the exami-
nation of the treasurer of the defendant.

*Joseph A. Shoudy*, for appellant.

*Larned & Curtis*, for respondent.

EARL, J.—The defendant was a Massachusetts corporation
and the plaintiff was in its employment under a contract
whereby he was to receive a share of its profits as compensa-
tion for his services, and he commenced this action to recover
his share of the profits. On the 18th day of March, 1887,
Judge VAN BRUNT made an order under section 872 of the
Code of Civil Procedure, requiring Hermann Strusberg, who
was one of the directors and the treasurer of the defendant
to appear before him or some other judge of the supreme
court, at chambers, on the 28th day of March, 1887, for the
purpose of being examined, "pursuant to the provisions of
the Code of Civil Procedure in such cases made and pro-
vided." Thereafter on the day named, a motion was made
on behalf of the defendant before Judge PATTERSON, at cham-
bers, to vacate Judge VAN BRUNT'S order. That motion
was based upon the papers upon which the order was granted

and the affidavit of Strusberg and other papers, and after hearing counsel for both parties an order was granted vacating the order for the examination of Strusberg, provided the defendant stipulated to allow an examination of its books, which stipulation was given. From that order plaintiff appealed to the general term, and there the order of Judge PATTERSON was reversed and the order of Judge VAN BRUNT was reinstated, with costs and disbursements, and the examination of Strusberg under the first order was set down for the 15th day of August, 1887. The general term was composed of Judges VAN BRUNT, DANIELS and BARTLETT, and Judge VAN BRUNT wrote the opinion. From the order of the general term the defendant appealed to this court, and the point is now made, so far as the record appears for the first time, that the general term was not properly constituted for the reason that Judge VAN BRUNT was a member thereof and thus that section 8 of article 6 of the constitution was violated, which provides that " No judge or justice shall sit at a general term of any court or in the court of appeals in review of a decision made by him or of any court of which he was at the time a sitting member."

The answer to the objection is that Judge VAN BRUNT'S order was not under review at the general term, but the order of Judge PATTERSON was the subject of consideration. That order was not based upon the same papers that were presented to Judge VAN BRUNT, but upon additional papers. Judge PATTERSON was not acting upon an appeal from Judge VAN BRUNT's order, and was not strictly sitting in review of his order, but upon new papers he heard a motion to set it aside. That motion was a new and distinct proceeding, not a continuation of the proceeding commenced before Judge VAN BRUNT. The general term had no occasion to determine whether the order granted *ex parte* by Judge VAN BRUNT was well granted or not. On the papers presented to him there could be no reasonable dispute that it was well granted. The question which the general term

had to examine was, whether upon all the papers appearing before Judge PATTERSON he properly vacated the previous order; and we are, therefore, of opinion, that it cannot be said that the general term was in any proper sense sitting in review of the decision made by Judge VAN BRUNT.

Whether upon all the papers before the general term there were sufficient facts to justify the examination of Strusberg under the section referred to rested in its discretion. The papers showing a formal compliance with the section, the exercise of its discretion is not reviewable here.

The appeal should therefore be dismissed.

All concur.